UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Charles Jay Wolff

   v.                         Civil No. 05-cv-309-SM

Stephen Curry, Commissioner,
New Hampshire Department of
Corrections, et al.

**REPORT AND RECOMMENDATION**

Before the Court is Charles Wolff's complaint alleging that the drug testing policies of the New Hampshire Department of Corrections ("NHDOC") violate the federal constitutional and statutory rights of certain inmates with disabilities (document no. 1). The matter is before me for preliminary review to determine, among other things, whether Wolff has stated any claim upon which relief might be granted. See United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review *pro se* pleadings).

Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action *pro se* and *in forma pauperis*, the

magistrate judge is directed to conduct a preliminary review and to prepare a report and recommendation determining whether the complaint or any portion thereof should be dismissed because:

> (i) the allegation of poverty is untrue, the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief under 28 U.S.C. § 1915A(b); or
>
> (ii) it fails to establish subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

LR 4.3(d)(2).  In conducting the preliminary review, the Court construes *pro se* pleadings liberally.  See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe *pro se* pleadings liberally in favor of the *pro se* party).  "The policy behind affording *pro se* plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard

of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that *pro se* pleadings are given fair and meaningful consideration. See Eveland v. Dir. of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

## Background

The NHDOC issues policy and procedure directives ("PPDs") that serve to establish governing procedures for various institutional operations. Wolff complains that the PPD governing drug testing of inmates violates the federal constitutional and statutory rights of inmates with mental or physical disabilities that inhibit the ability to produce a prompt and unadulterated urine sample upon request by prison authorities. Wolff requests that this Court direct that the PPDs be changed to allow for alternative testing procedures for the disabled.[1]

---

[1] Wolff's specific request is that the Court order a change in prison procedures. Generally speaking, the management of such regulations is a matter for prison administrators, not the courts. Turner v. Safley, 482 U.S. 78, 89 (1987). Prison administrators are therefore accorded substantial deference regarding the management of a correctional facility. Rhodes v. Chapman, 452 U.S. 337, 349 n.14 (1981); Bell v. Wolfish, 441 U.S. 520, 547 (1979). Liberally construing the request, however, I will construe the complaint to seek this Court's declaratory judgment regarding the constitutionality of the challenged policies and procedures.

Discussion
----------

In all stages of federal judicial proceedings, the parties must have a personal stake in the outcome of the action. Spencer v. Kemna, 523 U.S. 1, 7 (1998) (internal citations omitted). This means that Wolff's complaint must allege some injury to himself that could be redressed by a favorable judicial decision. Id. A suit is moot if it fails to present a live case or controversy. Jackson v. Coalter, 337 F.3d 74, 79 (1st Cir. 2003). Wolff's request challenges the constitutionality of a PPD issued by the NHDOC. Wolff has not stated whether or how he has been injured by the existence of the PPD or how such an injury would be addressed by the remedy he seeks. I find therefore that Wolff has not presented a live case or controversy for this Court to resolve.[2] Accordingly, I recommend that this action be

---

[2] I note that even if Wolff had alleged facts that indicated some personal harm arising out of the existence of the challenged PPDs, I would recommend dismissal of this complaint for Wolff's failure to complete exhaustion of his administrative grievance procedures prior to filing this action. Wolff admits in his September 13, 2005 filing (document no. 4) that he is in the process of completing exhaustion. Exhaustion must be completed prior to filing an action or the action must be dismissed. See Porter v. Nussle, 534 U.S. 516, 524 (2002).

dismissed as it fails to state a claim upon which relief might be granted.[3]

## Conclusion

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:    October 18, 2005

cc:      Charles Jay Wolff, *pro se*

---

[3] Wolff also seeks to certify his suit as a class action (document no. 4).  As I recommend dismissal of this action, I deny that motion.